ORIGINAL

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 12 2014

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

TCB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**NOVA-LEE GRABER**

Petitioner/Plaintiff

v.

**COUNTY OF GWINNETT**
**STATE OF GEORGIA**

Respondents/Defendants

CIVIL ACTION

CASE NUMBER:
**1:14-CV-1837**

## PETITION FOR VIOLATIONS OF RIGHTS AND LIBERTIES UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AMENDMENTS ACT OF 2008 (ADAAA) AND PROTECTIONS VIA INJUNCTIVE RELIEF

COMES NOW, Nova-Lee Graber Petitioner/Plaintiff for violations of rights and liberties and protections against retaliation and discrimination and denial to a disabled individual of access to services, programs or activities of the public entity.

### 1. STATEMENT OF JURISDICTION AND GOVERNING AUTHORITIES FOR CONTROVERSIES IN DISPUTE FOR RIGHT OF ACTION

The primary relief sought is for protections provided under 42 USC § 2000a-3 via preventive relief resulting in a permanent injunction, or restraining order, or other order. Therefore under the Americans with Disabilities Act Title II *Technical Assistance Manual* II-9.1000(2) Individuals wishing to file title II complaints may file a lawsuit in Federal District court. THEREFORE, this court's jurisdiction is conferred.

**1.1** As set forth in 28 C.F.R. §35.107 & Title II-8.1000 & Title II-8.5000, each Court is to designate a single, responsible employee for reviewing and making determinations as to fulfillment of reasonable accommodations.

**1.2** As demonstrated in the ruling in *Badillo-Santiago v. Andreu-Garcia*, 70 F Supp. 2d at 89: If a judge makes a ruling regarding a litigant's ADA accommodations they do such as an administrator and not a judge.

Thereby an administrative function does not give judicial immunity under the 11th Amendment. This means that all further determinations in the case are subject to appeal by either party on the grounds of bias.

**1.3** 28 C.F.R. § 35.160(b)(2) (2009): under the ADAAA, "[i]n determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with disabilities."

**1.4** To the extent that Title II enforces the Fourteenth Amendment, the Court in *Popovich v Cuyahoga County Court of Common Pleas*, 527 U.S. 727, 640 (1999) found that, "The fact that Title II implicates constitutional violations in areas ranging from education to voting also suggests that heightened judicial scrutiny under both the Due Process and Equal Protection Clauses is appropriate."

**1.5** As found in *In Re Marriage of James*, 158 Cal. App. 4th, 1261, only three reasons exist why an ADA request for reasonable accommodations can be denied: a) "[t]he applicant has failed to satisfy the requirements of the Court [CA Rules of Court, rule 1.100]; b) "[t]he requested accommodation would create an undue financial or administrative burden on the court; and/or c) "[t]he requested accommodation would fundamentally alter the nature of the service, program or activity." **No accommodations requested meet any of these criteria.**

**1.6** The ruling in *Boston Hous. Auth. v Bridgewaters*, 452 Mass. 833, 845-848, 898 N.E. 2d 848 (2009) provides that, when an individual with a disability has notified an entity of his/her disability, this "amount[s] to a request for an accommodation"; "[t]o make a reasonable accommodation request, no 'magic' words are required."

**1.7** As found in *In Re: Ruby McDonough*, 457 Mass. 512 (2010), all courts are required by the Americans with Disabilities Act Amendments Act of 2008 to facilitate equal participatory and testimonial access to individuals with disabilities. Failure to grant requested participatory and testimonial accommodations will bar equal access to the Court.

**1.8** *Olmstead v L.C.*, 527 U.S. 581, 606 n. 16 (1999) found that Title II may be enforced through private suits against public entities. In both 42 U.S.C. §12133 and §12202, Congress expressly abrogated the States' Eleventh Amendment immunity to private suits in federal court. This means that an assigned Trier of Fact who makes a determination regarding reasonable accommodations under ADA(AA) can be sued by either party in an action where this access to confidential, protected information about the disabled litigant creates bias, even if illusory. The Supreme Court in *University of Alabama v Garrett*, 531 U.S. 356 (2001) reaffirmed this power of Congress to abrogate this immunity.

**1.9** Requiring an individual with a disability to file motions and make arguments to the Trier of Fact regarding reasonable accommodations is not only outside the prescribed scope of the ADA(AA) process, it is unduly burdensome and costly to the litigant and immediately negates the Trier of Fact's immunity as described above.

**1.10** The ADA Title II *Technical Assistance Manual* (hereinafter referred to as Title II) states:

Title II-3.9000 DISCRIMINATION ON THE BASIS OF ASSOCIATION. A state or local government may not discriminate against individuals or entities because of their known relationship or association with persons who have disabilities. This prohibition applies to cases where the public entity has knowledge of both the individual's disability and his or her relationship to another individual or entity. In addition to familial relationships, the prohibition covers any type of association between the individual or entity that is discriminated against and the individuals with disabilities, if the discrimination is actually based on the disability.

**1.11** Title II-3.11000 RETALIATION OR COERCION. Individuals who exercise their rights under the ADA, or assist others in exercising their rights, are protected from retaliation. The prohibition against retaliation or coercion applies broadly to any individual or entity that seeks to prevent an individual from exercising his or her

rights or to retaliate against him or her for having exercised those rights. Any form of retaliation or coercion, including threats, intimidation, or interference, is prohibited if it interferes with the exercise of rights under the Act.

**1.12** Title II-3.5300 UNNECESSARY INQUIRIES. A public entity may not make unnecessary inquiries into the existence of a disability.

**1.13** Title II-8.5000 DESIGNATION OF RESPONSIBLE EMPLOYEE AND DEVELOPMENT OF GRIEVANCE PROCEDURES. A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and fulfill its responsibilities under Title II, including the investigation of complaints. A public entity shall make available the name, office address, and telephone number of any designated employee. In addition, the public entity must adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by Title II.

**1.14** O.C.G.A. § 45-11-4(b)(4): Using any other deliberate means to delay or avoid the due course or proceeding of law.

**1.15** 42 USC § 12132 DISCRIMINATION  Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be subjected to discrimination by any such entity.

**1.16** 42 USC § 12133 ENFORCEMENT The remedies, procedures, and rights shall be the remedies, procedures and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.

**1.17** 42 USC § 12202 STATE IMMUNITY A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter. In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

**1.18** 42 USC § 12203. PROHIBITION AGAINST RETALIATION AND COERCION.

(a) RETALIATION

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

(b) INTERFERENCE, COERCION, OR INTIMIDATION.

It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of any right.

(c) REMEDIES AND PROCEDURES.

The remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III of this chapter, respectively.

**1.19** 42 USC § 2000a-3.  CIVIL ACTIONS FOR INJUNCTIVE RELIEF

(a) Persons aggrieved; intervention by Attorney General; legal representation; commencement of action without payment of fees, costs, or security.

Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice, a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved and, upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance.  Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security.

## II. **STATEMENTS OF FACTS, THE CAUSE OF ACTION**

### **RESULTING TO INJURIES**

The claim of discrimination had originated when Petitioner Nova-Lee Graber and disabled Howard A Graber had had a civil action in Gwinnett County State Court case # 09-C-20620-S2 that commenced on December 16, 2009, but due to the health conditions of Disabled Howard A. Graber, that proceeding was continued. On January 08, 2010 was another scheduled hearing that Petitioner Nova-Lee Graber had attended, yet Plaintiffs M&T Bank failed to show. This was continued to January 29, 2010 but had to be continued as Plaintiffs were not ready. On June 17, 2010 was a scheduled Bench Trial that was once again not attended by the plaintiffs, but State Court Judge Randy Rich had issued a Judgment on May 28, 2010 and subsequent Writ of Possession on June 24, 2010 in direct violation of the 14th Amendment to the United States Constitution that allows for... "nor shall any State deprive any person of life, liberty or property, without due process of law"

**2.1** On June 30, 2010 Petitioner Nova-Lee Graber mailed certified to the Sheriff, R.L. "Butch" Conway, SHERIFF OF GWINNETT COUNTY GEORGIA; a counter-affidavit in a Writ of Possession proceeding case 09-C-20620-S2 in State Court of Gwinnett County Georgia pursuant to OCGA § 44-11-32 for issues of title of property at 3252 Davenport Park Lane, Duluth, GA 30096.

**2.2** By August 11, 2010, the Sheriff R.L. "Butch" Conway, breached his fiduciary paramount duty under OCGA § 44-11-32 which provides; " If the party in possession submits a counter-affidavit as provided in Code Section 44-11-30, the Sheriff shall not turn him out of possession but shall leave both parties in their respective positions. In such an event, the sheriff shall return both affidavits to the office of the clerk of the superior court of the county in which the land is located for a trial of the issue before a jury in accordance with the laws of this state."

**2.3** The Sheriff had retaliated and discriminated against the Petitioner and prevented them from exercising their rights that were afforded to them under OCGA § 44-11-32, and their Constitutional 4th Amendment rights over unreasonable searches and seizures. Due to Interference with Major Life Activities which qualifies an individual as having a disability under Title II-2.8000, therefore,

Howard A. Graber is disabled and is still being denied his Constitutional 14th Amendment rights to Due Process and equal protection of the laws.

**2.4** Petitioner Nova-Lee Graber sustained physical injuries from being "tasered" during the SWAT standoff and in further retaliation, The Sheriff had charged both with Misdemeanor Obstruction of Officer, OCGA § 16-10-24(a).

**2.5** In an attempt to exercise their rights under OCGA § 44-11-32, Petitioner was further retaliated against by Respondents/Defendants when the STATE OF GEORGIA, GWINNETT COUNTY amended the accusation on August 04, 2011 to reflect additional charges of Misdemeanor Criminal Trespass Remaining on property OCGA § 16-7-21(b)(3) and Disorderly Conduct OCGA § 16-11-39(a)(1).

**2.6** In another attempt at exercising their rights, on March 20, 2012, Petitioner Nova-Lee Graber had a phone conversation with State Senator, David Shafer and the Senator responded that he could ask the office of the Georgia Attorney General Sam Olens, for legal opinion on the code section of OCGA § 44-11-32.

**2.7** Apparently on March 21, 2012, the Gwinnett County District Attorney Danny Porter retaliated by obtaining a Grand Jury True Bill of Indictment # 12-B-2287-10 against disabled Howard A. Graber on charges of seven (7) counts of Felony Mortgage Fraud OCGA § 16-8-102(5) and three (3) counts of Felony Forgery OCGA § 16-9-1.  Upon retaliation and discrimination on the basis of association, DA Porter had also each indicted Dr. Nelson Bulmash and Susan Bulmash on the three (3) counts of Felony Forgery OCGA § 16-9-1.

**2.8** On April 14, 2012, disabled Howard A. Graber was arrested and was first held without bond until arraignment on May 11, 2012 when he was released on a $5,000.00 property bond after spending 28 days in Gwinnett County Detention Center and has been out on bond since then.

**2.9** On July 19, 2013, Dr. & Mrs. Bulmash received a disposition of Nolle Prosequi and yet charges remained on disabled Howard A. Graber.

**2.10** On January 21, 2014 Petitioner Nova-Lee Graber was asked of Attorney John Petrey whom represents Howard A. Graber in his Gwinnett County Superior Court case # 12-B-02287-10 to obtain a letter from Dr. Young Kang whom disabled Howard A. Graber is a patient of.  SEE APPENDIX 'A'

**2.11** Due to violations of OCGA § 45-11-4(b)(4) the sixteen (16) requests for calendar calls and other hearings in the Misdemeanors and concurrent Seventeen

(17)calendar calls and other hearings in the Felony case, had all accumulated to result in adverse reactions in Disabled Howard A. Graber severe life-threatening medical conditions. SEE APPENDIX 'B'

**2.12** On February 19, 2014, in violation of Title II-3.5300, Gwinnett Superior Court Judge Warren Davis ordered a Notice of Hearing Re: STATUS HEARING REGARDING MEDICAL CONDITION. SEE APPENDIX 'C'

**2.13** On February 27, 2014 during the scheduled and ordered STATUS HEARING REGARDING MEDICAL CONDITION, Disabled Howard A. Graber had had another adverse reaction that resulted to him being transported by EMS to the Gwinnett Medical Center Emergency Room. This resulted when ADA Jim Carmichael had escorted Dr. Young Kang to go view a video that the Defendants are utilizing to discredit Howard A. Graber's disability also in violation of Title II-3.5300 Unnecessary inquiries into the existence of his disability. SEE APPENDIX 'D'

**2.14**. On March 24, 2014, Petitioner Nova-Lee Graber and Disabled Howard A. Graber attended a Notice of Trial and after being sent to the courtroom of Retired Judge Howard Cook by Judge of Record John Doran, Disabled Howard A. Graber had once again collapsed and when EMT services responded, Petitioner Nova-Lee Graber was restrained from attending to Disabled Howard A. Graber. Petitioner Nova-Lee Graber was then subjected to a trial based on the misdemeanor charges that resulted from the Sheriff's violation of OCGA § 44-11-32. Disabled Howard A. Graber was then transported to Gwinnett Medical Center where he was without legal authority as Petitioner Nova-Lee Graber is his legal Power of Attorney. Therefore, Disabled Howard A. Graber was denied the services of Gwinnett Medical Center since he did not have the authority to consent to treatment. SEE APPENDIX 'E'

**2.15** If the litigation process does not provide mandated accommodations according to the Americans with Disabilities Act, the process itself can induce further injury in the victim. Moreover, the purpose of the American judicial system is negated. Indeed, in this case Disabled Howard A. Graber was further injured through loss of his caregiver and ADA Advocate, Petitioner Nova-Lee Graber, during her 10 day incarceration on March 25, 2014 through April 4, 2014 and follow up rule prohibiting Petitioner Nova-Lee Graber from acting in Disabled Howard A. Graber's behalf. Disabled Howard A. Graber's issue centers on safety at this time.

**2.16** On April 23, 2014, Request for Reasonable ADA Accommodations in support of Disabled individuals having a federal right to request accommodations and to be protected from discrimination under the ADAAA, 42 USC § 12101 *et seq.* (effective Jan. 1, 2009), and its implementing regulation, 28 C.F.R. § 35, the ADA Title II *Technical Assistance Manual*, and other federal and state laws. SEE APPENDIX 'F'

**2.17** On April 23, 2014 Disabled Howard A. Graber responded to a calendar call in his Misdemeanor case and in an attempt to inform the court that he objects to future proceedings until his reasonable ADA Accommodations have been met, Gwinnett County State Court Judge John Doran retaliated and caused Disabled Howard A. Graber to be held in custody until the conclusion of the calendar. During which time Disabled Howard A. Graber had had another adverse reaction of his life-threatening medical conditions and once again collapsed which resulted in EMS once again being called. SEE APPENDIX 'G'

**2.18** In violations of 28 C.F.R. § 35.107, Title II-8.1000 & Title II-8.5000, Respondents/Defendants County of Gwinnett through the admittance of Philip Boudewyns whom is the Court Administrator for the Gwinnett Judicial Circuit that the Defendants County of Gwinnett is without a designated employee, and without grievance procedures as evidenced by APPENDIX 'H'. SEE APPENDIX 'H'

**2.19** On May 02, 2014 Disabled Howard A. Graber filed into the Superior Court of Gwinnett County a REQUEST FOR JUDICIAL NOTICE OF LITIGANTS' RIGHTS UNDER THE ADAAA. To which in violation of Title II-8.5000, there remains neither response nor a remedy through procedures for grievance.

**2.20** In regards to the retaliation and violation of Title II-3.11000, Individuals who exercise their rights under the ADA, or assist others in exercising their rights are protected from retaliation, how is it that on June 09, 2014 Petitioner Nova-Lee Graber had heard Gwinnett County Assistant District Attorney Jim Carmichael announce in open court that the State realizes they erred in not co-indicting Mrs. Nova-Lee Graber. This only came about after defenses and questions were raised regarding the issue of federal ADA & ADAAA rights violations. Without the actual indictment being in existence therefore on the basis of 'Any form of retaliation or coercion, including threats, intimidation, or interference is prohibited if it interferes with the exercise of rights under the Act.' Petitioner Nova-Lee Graber believes that Respondents/Defendants The State of Georgia, County of Gwinnett might utilize documents that are in excess of a 4 year statute of limitations,

therefore Petitioner Nova-Lee Graber believes that the only documents that can be utilized by ADA Carmichael are documents that were amended.
SEE APPENDIX 'J'

## III. DEMAND FOR RELIEF SOUGHT

THEREFORE, Petitioner Nova-Lee Graber respectfully demands that the court settle controversy over whether or not that the Respondents/Defendants County of Gwinnett, State of Georgia otherwise known as "public entity" knowingly and maliciously retaliated and discriminated against Disabled Howard A. Graber and had discriminated on basis of association against Petitioner Nova-Lee Graber.

**3.1** Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice, a civil action for preventative relief, including an application for a permanent or temporary injunction, restraining order, or other order may be instituted by the person aggrieved. THEREFORE, under 42 USC § 2000a-3, Petitioner Nova-Lee Graber requests an immediate restraining order.

**3.2** For all issues of facts for Petitioners' claim for injunctive relief, the Petitioner demands a trial by jury in Federal Court.

**3.3** The court to clarify in light of the ruling in *Boston Hous. Auth. v Bridgewaters*, 452 Mass. 833, 845-848, 898 N.E. 2d 848 (2009) provides that, when an individual with a disability has notified an entity of his/her disability, this "amount[s] to a request for an accommodation"; why the "public entity" known as the Respondents/Defendants County of Gwinnett and State of Georgia have continued to deny numerous notifications that commenced on January 21, 2014.

**3.4** Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security as provided in 42 USC § 2000a-3.

## VERIFICATION

That I, Nova-Lee Graber in compliance with 28 USC § 1746, further declare under penalty of perjury that the preceding PETITION FOR VIOLATIONS OF RIGHTS AND LIBERTIES UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AMENDMENTS ACT OF 2008 (ADAAA) AND PROTECTIONS VIA INJUNCTIVE RELIEF is true and correct.

Executed on the 12th day of June, 2014

*[signature]*

Mrs. Nova-Lee Graber
9925 Haynes Bridge Rd., #200-133
Alpharetta, GA 30022
404-933-3683