APPENDIX 'A'

River Parc Internal Medicine
4855 River Green Parkway #140
Duluth, GA 30096
(678) 417-0077
Fax (678) 417-0337

# River Parc Internal Medicine

January 21, 2014

Re: Graber, Howard
Date of Birth: September, 24 1967

To Whom It May Concern:

I am writing this letter regarding Mr. Graber.  He takes Benicar 40mg one tablet twice a day, for his hypertension.  His blood pressure is not well controlled due to fact that he develops allergic reaction with any other blood pressure medication.

His blood pressure today is 222/121.  He is not able to stand trial due to his medical condition and if he must stand trial he may experience severe adverse reaction including cerebral vascular accident.

Please call if any questions arise in regards to his care.

Sincerely Yours,

Young W. Kang M.D.
License 56302 Georgia

APPENDIX 'B'

**Gwinnett County Sheriff's Office**
**Court Services Division**
***Medical Response Report***

## (Report Must be Typed, Use Additional Forms if Necessary)

| Date of Occurrence | Time | Place of Occurrence | Unusual Occurrence Report | | |
|---|---|---|---|---|---|
| | | | Location Code | Report No. | Year |
| 2/4/2014 | 0915 | 2A | | 2014-013 | 2014 |

| Patient Information | | | |
|---|---|---|---|
| Name | Howard Alan Graber | DOB | 9/24/1967 |
| Address | 9925 Haynes Bridge Road | Telephone | 404-933-3683 |
| City/St/ZIP | Alpharetta, Ga 30022 | Alt. Phone | n/a |

| Emergency Contact | Emergency Contact Number |
|---|---|
| Nora-lee Graber | 404-933-3683 |

| Vital Signs | | | |
|---|---|---|---|
| Blood Pressure | 200/100 | Accu-Check | n/a |
| Pulse | 110 | Oxygen Administered | n/a |
| Oxygen Saturation | 98% | Method of Delivery | n/a |

**DETAILS: (Include pertinent information regarding nature of aided case, first aid rendered, notifications made etc.**

On February 4, 2014 at approximately 9:15 a.m., there was a request for a First Responder in Courtroom 2A. At the time the call went out, I tried to respond by radio that I would be en-route but there was an interruption tone on my radio. Sgt. Ramey went over the radio and asked Sgt. Willis if he had a First Responder and Sgt. Willis replied that he did. Therefore, I did not respond until Corporal Gardner inquired if I was en-route to 2A. I replied that I would be en-route. Upon my arrival in 2A, I saw a white male, Howard Alan Graber, lying on the ground holding his chest. I was informed by Corporal Gardner that Mr. Graber had suffered a stroke in the past and was complaining of chest pains. I took Mr. Graber's blood pressure, 200/100, and informed him that help was on the way. Corporal Gardner had already taken his pulse 110 and oxygen saturation 98%, before I arrived on scene. When the paramedics arrived they took his blood pressure again 216/136 and began to take other test. They loaded him up on the stretcher and took him to GMC.

| Name and Address of Witnesses (If None, So State) | |
|---|---|
| | |

| | Title | Name | Badge No. | Signature | Date |
|---|---|---|---|---|---|
| Reported by | D/S | M. Johnson | SO405 | *[signature]* | 2/4/2014 |
| Reviewed by | Corporal | J. Gardner | SO744 | *[signature]* | 2/14/2014 |
| Reviewed by | Sgt. | C. Willis | SO170 | Sgt C. W. Ml... | 2/14/2014 |
| Reviewed by | Lt. | B. Cofer | SO090 | *[signature]* | 2/14/2014 |

APPENDIX 'C'

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2014 FEB 21  PM 4: 02

RICHARD ALEXANDER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | CRIMINAL ACTION |
| | ) | FILE NUMBER: 12-B-02287-10 |
| v. | ) | |
| | ) | |
| HOWARD ALAN GRABER | ) | |
| | ) | |
| Defendant. | ) | |

Re:   STATUS HEARING REGARDING MEDICAL CONDITION

## NOTICE OF HEARING

The above stated matter is hereby scheduled for a hearing on the 27th day of

February, 2014, at 1:30 p.m. at the Gwinnett Justice and Administration Center,

Courtroom 3G, 75 Langley Drive, Lawrenceville, Georgia.

Let a copy of this order be mailed to the parties or their counsel of record.

SO ORDERED, this 19th day of February, 2014.

WARREN DAVIS, Judge
Gwinnett Superior Court

cf:

Gwinnett County District Attorney's Office

John Petrey,  Attorney for Defendant

Q:\Division 10 Forms\CRIMINAL NISIS\Graber, Howard.wpd

APPENDIX 'D'

## Gwinnett County Sheriff's Office
### Court Services Division
#### *Medical Response Report*

**(Report Must be Typed, Use Additional Forms if Necessary)**

| Date of Occurrence | Time | Place of Occurrence | Unusual Occurrence Report | | |
|---|---|---|---|---|---|
| | | | Location Code | Report No. | Year |
| 02/27/14 | 1400 | 3rd floor outside courtroom 3F-3G | | 2014-023 | 2014 |

### Patient Information

| Name | Graber, Howard A | W/M | DOB | 09/24/1967 |
|---|---|---|---|---|
| Address | 3252 Davenport Park Ln. | | Telephone | |
| City/St/ZIP | Duluth, Ga. 30096 | | DL# | 043124064 Ga. |

| Emergency Contact | Emergency Contact Number |
|---|---|
| | |

### Vital Signs

| Blood Pressure | 260/180 | 220/118 | Accu-Check | 134 |
|---|---|---|---|---|
| Pulse | 114 | 110 | Oxygen Administered | |
| Oxygen Saturation | 98 | 98 | Medication | |

**DETAILS: (Include pertinent information regarding nature of aided case, first aid rendered, notifications made etc.**

On the above date at around 1400hrs, Sgt. Starling was outside of 3F-3G courtrooms on 3nd floor when he called for a First Responder about white male that had fallen and was having problems breathing. Deputy Johnson and I arrived at about 1405hours on the third floor and found Mr. Graber on the floor yelling and holding his chest. I begin taking his vital signs. At approximately the time I was gathering the first set of vital signs, Mr. Graber's personal doctor an Asian male( name not available)arrived on the scene and rechecked Mr. Graber's vitals. Mr Graber's doctor stayed with Mr. Graber until he was transported. The 1st set of vitals were 260/180, oxygen level was 98 and pulse rate 114. I called control to call for an ambulances and fire truck. Engine 15 GCFD arrived about 1415 hours and took over care of Mr. Graber. About 1425hrs. Med 20 arrived and transported him to the GMC in Lawrenceville.

**Name and Address of Witnesses (If None, So State)**

| | Title | Name | Badge No. | Signature | Date |
|---|---|---|---|---|---|
| Reported by | Corporal | K. Carroll | SO185 | *[signature]* | 02/28/14 |
| Reviewed by | Sgt. | W. Starling | SO109 | *[signature]* | 02/28/14 |
| Reviewed by | LT. | K. COFER | SO90 | *[signature]* #5090 | 03/03/14 |
| Reviewed by | Capt. | B. RASCEN | SO48 | *[signature]* | 3/3/14 |

APPENDIX 'E'

## Gwinnett County Sheriff's Office
## Court Services Division
### _Medical Response Report_

(Report Must be Typed, Use Additional Forms if Necessary)

| Date of Occurrence | Time | Place of Occurrence | Unusual Occurrence Report | | |
|---|---|---|---|---|---|
| | | | Location Code | Report No. | Year |
| 3/24/2014 | 0925 | Courtroom 2G | | 2014-048 | 2014 |

| Patient Information | | | | |
|---|---|---|---|---|
| Name | Howard A. Graber | DOB | 9/24/1967 | |
| Address | 3252 Davenport Park Lane | Telephone | 404-933-3683 | |
| City/St/ZIP | Duluth, Ga 30096 | Alt. Phone | n/a | |

| Emergency Contact | Emergency Contact Number |
|---|---|
| Nora Lee Graber | 404-933-3683 |

Vital Signs

| Blood Pressure | 180/100 | Accu-Check | n/a |
|---|---|---|---|
| Pulse | 88 | Oxygen Administered | Yes |
| Oxygen Saturation | 98% | Method of Delivery | Mask |

**DETAILS: (Include pertinent information regarding nature of aided case, first aid rendered, notifications made etc.**

On March 24, 2014 at approximately 9:25 a.m., I responded for a request for a First Responder in Courtroom 2G. Upon my arrival, I found Mr. Howard A. Graber lying on the floor in the courtroom gasping for air. D/S Ramirez SO506 started oxygen while I began taking his blood pressure 180/100. His pulse was 88 beats per minute and oxygen saturation was 98%. Sgt. Willis had already called for an ambulance before I arrived in the courtroom, therefore, I stood by waiting for Paramedics to arrive. Upon their arrival, they took Mr. Graber's vital signs again and then took him via ambulance to Gwinnett Medical.

Supervisor Comments: Lt. Cofer, D/S Hunter, and myself were present in courtroom 2G at approximately 0925. Judge Cook asked Mr. Grabber a question and he stood up to answer the question and fell in the floor shaking and moaning. I immediately called for an ambulance and First Responder to come to the courtroom. Paramedics and fire personnel arrived on the scene at approximately 0935 and Mr. Grabber was transported to the hospital.

| Name and Address of Witnesses (If None, So State) | D/S Hunter<br>Lt. Cofer<br>Attorney Rob Greenwald |
|---|---|

| | Title | Name | Badge No. | Signature | Date |
|---|---|---|---|---|---|
| Reported by | D/S | Michelle Johnson | SO405 | _signature_ | 3/24/2014 |
| Reviewed by | Sgt. | Craig Willis | SO170 | _signature_ | 3/24/2014 |
| Reviewed by | Lt. | B. K. Cofer | SO090 | _signature_ | 3/24/2014 |
| Reviewed by | Captain | R. Rapien | SO048 | _signature_ | 3/24/2014 |

APPENDIX 'F

GRABER - CONFIDENTIAL
REQUEST TO BE PROTECTED UNDER SEAL

# DR. KARIN HUFFER

**Licensed Marriage and Family Therapist**
**Counseling and Forensic Psychology**
**Titles II and III Special**
**3236 Mountain Spring Rd. Las Vegas, NV 89146**

## Request for Reasonable ADA Accommodations
## Howard Graber

This request is to be provided to the ADA Access Coordinator for the purpose of administratively establishing accommodations under the Americans with Disabilities Act (ADA), Title II and, if needed Title III to ensure equal physical, participatory, and testimonial access to court proceedings.  Accommodations will be needed during any meeting, procedure, hearing, discovery process, and any other court-ordered process.

In response to the ABA Resolution of 2002 and the Americans with Disabilities Act, Title II, this request is intended to assist the Court to properly accommodate Howard Graber.
**This report is to be kept under seal and confidential**
**except for use by the ADA Administrator and the Trier of Fact**
**to implement administration of accommodations.**
**ALL HIPAA PRIVACY RIGHTS MUST BE ENSURED.**

Reasonable ADA Accommodations Requested

1. Mr. Graber must have a continuance from the April 23, 2014 Court date until he has reasonable and effective ADA Accommodations in place and is medically released by his physician.

2. Mr. Graber must have an ADA Advocate by his side at all times and a method for monitoring his condition.  His wife, Nova Lee, has served in this capacity and now informs me that the Court is prohibiting her from serving as an ADAAA Advocate and medial assistant for him.  Therefore, we must have time to find a qualified replacement for her and consult with the Department of Justice regarding USC 42 § 12201 – 12203 to see how her protection fits with the current circumstances.

1

APPENDIX 'G

## Gwinnett County Sheriff's Office
## Court Services Division
### *Medical Response Report*

### (Report Must be Typed, Use Additional Forms if Necessary)

| Date of Occurrence | Time | Place of Occurrence | Unusual Occurrence Report | | |
|---|---|---|---|---|---|
| | | | Location Code | Report No. | Year |
| 04/23/2014 | 0930 | 2D Holding Cell | | 2014-068 | 2014 |

| Patient Information | | | | |
|---|---|---|---|---|
| Name | Howard Graber | DOB | 09/24/1967 | |
| Address | 3252 Davenport Park Lane | Telephone | 404-933-3683 | |
| City/St/ZIP | Duluth, Ga 30096 | Alt. Phone | n/a | |

| Emergency Contact | Emergency Contact Number |
|---|---|
| Nora Lee Graber | 404-933-3683 |

### Vital Signs

| Blood Pressure | 240/120 | Accu-Check | 108 |
|---|---|---|---|
| Pulse | n/a | Oxygen Administered | n/a |
| Oxygen Saturation | n/a | Method of Delivery | n/a |

**DETAILS: (Include pertinent information regarding nature of aided case, first aid rendered, notifications made etc.**

On April 23, 2014 I responded to a request for a First Responder in Courtroom Holding Cell 2D. Upon my arrival, Mr. Howard Graber was lying on the floor conscious and alert and breathing rapidly. He was very distraught. I took his blood pressure 240/120 and did an Accu-Check 108. I requested a ambulance so Mr. Graber could be evaluated. Upon their arrival, Mr. Graber repeatedly asked to speak with his wife when questioned about being transported to the hospital. We told him he could speak with his wife when we got him down to the ambulance and he could make a decision at that location. Mr. Graber started to become combative and tried to hold the elevator doors open when his gurney was being pushed into the elevator. On his arrival in the Sallyport area he became combative not wanting to be transported until he could speak with his wife. When his wife arrived, they refused medical transport. We assisted Mr. Graber from the gurney to a wheel chair and escorted him to his car and assisted loading him into his car.

Paramedics Mary Bowles, Michael McDaniel and Brett Brooks all questioned him about being transported to the hospital. Mr. Graber and his wife signed a refusal for transport.

| Name and Address of Witnesses (If None, So State) | |
|---|---|
| | |

| | Title | Name | Badge No. | Signature | Date |
|---|---|---|---|---|---|
| Reported by | D/S | Michelle Johnson | SO405 | | 4/23/2014 |
| Reviewed by | Sgt. | C. Willis | SO170 | | 4/23/2014 |
| Reviewed by | Lt. | B. Cofer | SO090 | | 4/23/2014 |
| Reviewed by | Captain | B. Rapien | SO048 | | 4/23/2014 |

From: Legal Advocacy [mailto:equalaccessforall@gmail.com]
Sent: Monday, April 28, 2014 2:40 PM
To: Stephanie Hines
Subject: Gwinnett County Courts

Dear Ms. Hines,

I am a legal advocate whose specialty is obtaining reasonable accommodations for the invisibly disabled
to be guaranteed equal access in court proceedings. I have a client in Gwinnett for whom we seek
reasonable accommodations in State Court, yet, we are unable to find a contact for an ADA Coordinator
or a form anywhere on the Gwinnett County Courts website.

Could you assist me by pointing me to the appropriate ADA coordinator who is designated to receive
and make a determination on such applications, as well as the location of an application form?  My
client's health is in severe jeopardy and the Court is obfuscating his ability to even receive appropriate
consideration for accommodations.  Any assistance you can provide would be greatly appreciated.

Respectfully,

Lisa Hockett, MS, CFDS
CEO/Advocate
Legal Advocacy Solutions
(301)-253-5980


From: <Phil.Boudewyns@gwinnettcounty.com>
Date: Tue, Apr 29, 2014 at 8:31 PM
Subject: ADA
To: equalaccessforall@gmail.com, Stephanie.Hines@gaaoc.us, Pam.Baxter@gwinnettcounty.com


Ms. Hockett,

Please send any request for accommodation directly to me along with your clients name and case
number and I will ensure the appropriate review is completed.

Regards,

Philip Boudewyns
Court Administrator
Gwinnett Judicial Circuit

April 30, 2014

Mr. Phil Boudewyns
Court Administrator
Gwinnett Judicial Circuit
VIA Email

RE:  Howard Graber, Case numbers 11-D-02317-S6 (State) and 12-B-02287-10 (Superior)

Dear Mr. Boudewyns,

Attached please find the ADA Accommodation package for my client, Mr. Howard Graber.  Mr. Graber has suffered damage to his health, which was already profoundly compromised, and continues to have his health threatened by a lack of accommodations under ADAAA Title II.  His wife, who is his legal guardian, has previously requested accommodations from the Court multiple times through different means and has been met with accusations, disdain and deliberate indifference to his disabilities.  This gentleman is severely disabled as a result of a stroke and has been denied equal access to the court since 2010.

The package I am sending was prepared by my partner in this case, Dr. Karin Huffer, the country's leading expert in ADA accommodations for the invisibly disabled.  The severity of Mr. Graber's case prompted us to represent him together pro bono.  Please take note of the following, per Federal law:

1. No part of this package is to be considered evidentiary.
2. A designated ADA Coordinator is the only person authorized to review and make a determination about how to accommodate this litigant.
3. Sharing any portion of this package or its information with the Trier of Fact, except for the requested accommodations themselves, immediately strips the assigned judge of immunity under 42 USC 12202 and renders all further adjudications in this case subject to appeal by either party on the basis of bias.
4. All supporting details are Federally protected under both ADA and HIPAA as privileged health information.
5. Any action taken by any Officer of the Court or opposing counsel which appears retaliatory and related to his accommodation request is subject to remedies under 42 USC 12203 and reporting to the Department of Justice Disability Rights Section.  At my client's calendar call April 23, 2014, he collapsed and was jailed by the assigned judge as a result of his request for accommodations. This jailing resulted in his blood pressure exceeding "stroke zone" limits.

The purpose of obtaining reasonable accommodations for a disabled litigant is to ensure their rights to equal access to the court.  They do not seek "special" treatment.  Mr. Graber is not able to fully participate in his own defense without significant accommodations, a fact which his physicians have testified to under oath but has been ignored thus far by the Court.

Beginning mid-July, I will be living again in Gwinnett County and either I or another Certified Forensic Disability Specialist from my firm will accompany Mr. Graber to all hearings, ensuring his rights are preserved. It is our profound hope that bringing this to your attention will resolve the issue such that Mr. Graber's health is no longer jeopardized by court appearances. We sincerely appreciate your assistance in this matter.

Respectfully,

Lisa L. Hockett, MS, CFDS
Legal Advocacy Solutions
301-253-5980


Cc:  Karin Huffer, Equal Access Advocates

APPENDIX 'H
4 of 4

**From:** Legal Advocacy [mailto:equalaccessforall@gmail.com]
**Sent:** Tuesday, May 13, 2014 6:38 PM
**To:** Boudewyns, Phil
**Subject:** Howard Graber ADA Accommodations

Dear Mr. Boudewyns,

Could you please advise me of the status of my client's ADA Accommodation request?  He is
quite ill and we need to ensure that this is taken care of effectively and within the prescribed
Federal laws.

Best regards,

Lisa Hockett, MS, CFDS
CEO/Advocate
Legal Advocacy Solutions
301-253-5980

On Wed, May 14, 2014 at 8:58 AM, <Phil.Boudewyns@gwinnettcounty.com> wrote:
Ms. Hockett,

I have provided the information you sent me to the offices of both judges who you listed as
having current cases with your client.  I do not have the authority to make any decision as to a
pending case or ADA accommodations.   Once I have received further direction from the judge I
will proceed as directed.

Phil Boudewyns
Court Administrator
Gwinnett Judicial Circuit

From: Legal "Advocacy [mailto: equalacceessforall@gmail.com]
Sent: Wednesday, May 14, 2014
To: Phil.Boudewyns@gwinnettcounty.com

Thank you for your prompt response.

Would you please clarify for me which information was provided to the judges in question?  I
ask because it is against Federal law for the assigned judge in a case to review the entirety of an
ADA accommodation package and doing so immediately strips judicial immunity under 42 USC
12202.  ADA accommodation applications are to be seen and processed only by a designated
ADA coordinator, per 42 USC 12101 et seq, and they are not to be considered evidentiary.  If the
judges have reviewed the full package submitted, they have just opened all further adjudications
in Mr. Graber's case to appeal on grounds of bias.

Best regards,
Lisa

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

State of Georgia

Case # 12-B-02287-10

V

Howard A. Graber

## REQUEST FOR JUDICIAL NOTICE OF LITIGANTS' RIGHTS
## UNDER THE ADAAA

COMES NOW, Howard A. Graber, the Defendant, and respectfully requests that judicial notice be taken of litigants' rights mandated by the Americans with Disabilities Act and the further Amendments Act of 2008 (hereinafter referred to as the "ADAAA"). In support thereof, Defendant shows the following:

1.  Disabled litigants have a federal right to request accommodations and to be protected from discrimination under the ADAAA, 42 U.S.C. § 12101 *et seq.* (effective Jan. 1, 2009), its implementing regulation, 28 C.F.R. § 35, the ADA Title II *Technical Assistance Manual*, and other federal and state laws.

2.  The ADAAA and implementing regulations require that a "public entity shall make available to applicants, participants, beneficiaries, and other interested persons information regarding the provisions of this part and its applicability to the services, programs, or activities of the public entity" and "to apprise such persons of the protections against discrimination assured them" by the ADAAA.  28 C.F.R. § 35.106. *See also* ADA Title II *Technical Assistance Manual,* II-8.4000.

3.  Further, a public entity is to designate a responsible employee and "shall make available the name, office address, and telephone number" of the designated employee. ADA Title II *Technical Assistance Manual,* II-8.5000.

4.  The ADAAA only requires disabled litigants to provide Court administration the minimum necessary disclosure required to qualify them for accommodations under Title II of the ADAAA.  Congress has explicitly stated its intent "that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations, and to convey that the question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis."  Statutory Note to 42 U.S.C. § 12101.  The Department of Justice

1

has also clarified that: "A public entity may not make unnecessary inquiries into the existence of a disability." ADA Title II *Technical Assistance Manual*, II-3.5300.

5. The ADA, like other civil rights statutes, prohibits the denial of services or benefits on discriminatory grounds. ADA Title II *Technical Assistance Manual*, II-3.2000. Specifically, the ADAAA makes discrimination against persons with disabilities illegal by providing that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. *See also* 28 C.F.R. § 35.130.

6. The ADAAA explicitly extends nondiscrimination requirements to all activities of State and local governments. ADA Title II *Technical Assistance Manual*, II-3.1000.

7. The ADAAA is premised on findings that "disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination." 42 U.S.C. § 12101. Yet, "despite some improvements . . . discrimination against individuals with disabilities continues to be a serious and pervasive social problem." *Id.*

8. Further, "individuals with disabilities continually encounter various forms of discrimination" and are "severely disadvantaged." *Id.*

9. Our "Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity" and "full participation." *Id.* Yet, "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." *Id.*

10. To address continuing discrimination, the ADAAA strives to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" by invoking the "sweep of congressional authority" to address "major areas of discrimination faced day-to-day by people with disabilities." *Id.*

11. Inherent in the ADAAA's purpose, intent, and statutory scheme is a requirement that requests for accommodations be handled in a prompt and equitable manner. *See, e.g.,* 28 C.F.R. § 35.107(b); ADA Title II *Technical Assistance Manual*, II-8.5000.

12. Failing to address requests for accommodations in a prompt and equitable manner, as well as making excessive inquiries or erecting additional barriers to a disabled litigant's attempt to obtain accommodations, is discriminatory and, therefore, illegal under the ADAAA.

13. The ADAAA provides for various implementation responsibilities. In an attempt to support implementation, the Department of Justice provides a Title II technical

2

assistance manual. 42 U.S.C. § 12206. That "manual is part of a broader program of technical assistance conducted by the Department of Justice to promote voluntary compliance." ADA Title II *Technical Assistance Manual*, Introduction.

14. Title II of the ADAAA requires state and local court systems to make reasonable modifications in policies, practices, or procedures if necessary to avoid discrimination. 28 U.S.C. §§ 12131, 12132.

15. Implementing regulations confirm that: "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7).

16. The Department of Justice likewise instructs: "A public entity must reasonably modify its policies, practices, or procedures to avoid discrimination." ADA Title II *Technical Assistance Manual*, II-3.6100.

17. 28 C.F.R. § 35.130(b)(7) provides an exception when "the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity" or if modifications would result in an undue financial burden. Even where the exception applies, the Court, as the public entity, has "the burden of proving that compliance with this subpart would result in such alteration or burdens." 28 C.F.R. § 35.164. Further, ADAAA regulations place the burden on the public entity seeking to invoke the exception to provide a mandatory "written statement of the reasons for reaching that conclusion." *Id.* Again, even if an action required to comply with this subpart would in fact result in such an alteration or such burdens, the public entity "shall take any other action that would not result in such an alteration or such burdens but would nevertheless ensure that, to the maximum extent possible, individuals with disabilities receive the benefits or services provided by the public entity." *Id.*

18. Threats to disclose, or disclosure of, disabled litigants' confidential information is a form of discrimination and violates the Constitutional right to privacy. The Constitution also provides that no state shall deny to any person within its jurisdiction the equal protection of the laws and provides for Due Process of law. Disabled litigants' right to confidentiality is inherent in the entire ADAAA statutory scheme as well as protected under several federal and state laws, including the Health Insurance Portability and Accountability Act ("HIPAA"). The ADAAA applies in conjunction with other federal and state laws, provides protection at a level greater or equal to that provided by other federal and state laws, and prevails over any conflicting State laws. ADA Title II *Technical Assistance Manual*, II-1.4200.

19. Threats to disclose, or disclosure of, disabled litigants' confidential information is also a type of retaliatory and coercive conduct which is illegal under the ADAAA's anti-retaliation, anti-coercion, and anti-intimidation provisions. 42 U.S.C. § 12203. *See also* 28 C.F.R. § 35.134; ADA Title II *Technical Assistance Manual*, II-3.11000.

20. Without ADAAA accommodations, disabled litigants' cannot engage in equal participatory and testimonial access in court proceedings on the same footing as other litigants.

21. The foundation of many of the specific requirements in the ADAAA regulations is the principle that individuals with disabilities must be provided an equally effective opportunity to participate in or benefit from a public entity's aids, benefits, and services. ADA Title II *Technical Assistance Manual*, II-3.3000.

22. "A primary goal of the ADA is the equal participation of individuals with disabilities in the 'mainstream' of American society." A major principle of mainstreaming is that individuals "with disabilities must be integrated to the maximum extent appropriate." ADA Title II *Technical Assistance Manual*, II-3.4000.

23. An equally effective opportunity to participate and benefit from services specifically includes the provision of equally effective communication. "A public entity must ensure that its communications with individuals with disabilities are as effective as communications with others." ADA Title II *Technical Assistance Manual*, II-3.4000. Entities are, for example, instructed to "listen carefully" and "take the extra time that is necessary" to ensure effective communication. *Id.*

24. The Department of Justice further emphasizes: "Because of the importance of effective communication in State and local court proceedings, special attention must be given to the communications needs of individuals with disabilities involved in such proceedings." *Id.*

25. When reasonable modifications are required to support effective communication, a public entity is required to give primary consideration to the accommodations requested by a disabled person. ADA Title II *Technical Assistance Manual*, II-7.1100. The Department of Justice explains that "primary consideration" means that a public entity must honor an individual's choice, unless it can demonstrate that another equally effective means of communication is available. As the Department further explains: "It is important to consult with the individual to determine the most appropriate auxiliary aid or service, because the individual with a disability is most familiar with his or her disability and is in the best position to determine what type of aid or service will be effective." *Id.*

26. To litigants' rights to equal participatory and testimonial access to the Court, the ADAAA requires that reasonable accommodations be provided to ensure equal access to justice.

27. Indeed, as starting with arraignment date of May 11, 2012 with the initial incident/ date of arrest of April 14, 2012. There has been a total of one (1) scheduled arraignment, fifteen (15) scheduled Calendar Call-Jury, fifteen (15) scheduled jury trials, and one (1) scheduled medical hearing, all resulting to evidencing a denial to court access and denial to due process.

4

WHEREFORE, Defendant respectfully requests that this Court take judicial notice of the ADAAA mandates and such other and further available relief this Court may grant.

Respectfully submitted, this the 2nd day of May 2014.

Howard A. Graber
9925 Haynes Bridge Road #200-133
Alpharetta, GA 30022
404-933-3683

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

**NOVA-LEE GRABER**

      Petitioner/Plaintiff           **CIVIL ACTION**

**v.**                           CASE NUMBER:

**COUNTY OF GWINNETT**
**STATE OF GEORGIA**
      Respondents/Defendants       _____

## AFFIDAVIT BY NOVA-LEE GRABER

I, Nova-Lee Graber do attest and affirm that the foregoing affidavit is the truth to the best of my ability as to what I had heard.

On June 09, 2014, Affiant had attended to a Gwinnett County Superior Court Notice of Trial on State of Georgia v Howard A. Graber, Indictment # 12-B-2287-10.

Affiant had heard being stated by Mr. John Petrey whom is the court appointed attorney to represent Defendant Graber to a substitute Judge Laura Tate since the on-record Judge Warren Davis was not in attendance, that due to a medical incident the Hearing on Medical Conditions had to be postponed and therefore that needed to be concluded before we can proceed with the merits of the case.

APPENDIX'J
2 of 2

Judge Tate had inquired of Mr. Petrey to explain and define some of the defendants' medical conditions, the Judge then granted Mr. Petrey's verbal request for continuance.

Affiant then heard Gwinnett County Assistant District Attorney Jim Carmichael announce to the Judge that the State acknowledges that there have erred when they did not initially indict Mrs. Graber and therefore the State shall be seeking an indictment against Mrs. Nova-Lee Graber.

Affiant then heard Mr. Carmichael announce the next case and so Affiant exited the courtroom.

Sworn and signed on this 12 day of June, 2014.


**Mrs. Nova-Lee Graber**
9925 Haynes Bridge Road
# 200-133
Alpharetta, GA 30022
(404) 933-3683