FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JUN 16 2014

JAMES N. HATTEN, Clerk
By_____ Deputy Clerk

**NOVA-LEE GRABER**
    Petitioner/Plaintiff

CIVIL ACTION

v

CASE NUMBER: **1:14-CV-1837**

**COUNTY OF GWINNETT**
**STATE OF GEORGIA**
    Respondents/Defendants

## STATEMENTS OF FACTS AND AMENDMENT TO: PETITION FOR VIOLATIONS OF RIGHTS AND LIBERTIES UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AMENDMENTS ACT OF 2009 (ADAAA) AND PROTECTIONS VIA INJUNCTIVE RELIEF AND CLARIFICATIONS OF RELIEF SOUGHT

As evidenced by Order received on June 13, 2014 by Judge Clayton Scofield whom states in footnotes that Petitioner Nova-Lee Graber and Mr. Graber "are not strangers to this court", and further provides in his order what Petitioner Nova-Lee Graber believes to be discrimination and bias which will only surmount to resulting in Petitioner Nova-Lee Graber, whom is acting on behalf and assisting disabled Howard A. Graber in exercising and enjoying his rights and freedoms as granted to him by the United States Constitution and The American's with Disabilities Act of 1990 and The Amendments Act of 2009.  THEREFORE, Petitioner Nova-Lee Graber respectfully demands that special consideration be given to Disabled Howard A. Graber and that this court set aside the potential discrimination otherwise Petitioner Nova-Lee Graber believes that this court would only in effect be denying to Disabled Howard A. Graber and to Petitioner Nova-Lee Graber equal protection of the law and Due Process by what can only be perceived as enjoining Respondents/Defendants in conspiracy to cover up violations of OCGA 44-11-32, and violations of the ADA & ADAAA.  Judge Scofield appears to lack the ability to be impartial and could potentially be utilizing and/or

abusing his authority to influence Judge Batten and pass on his discriminations and prejudices in hope of denying to Petitioner Nova-Lee Graber and Disabled Howard A. Graber the right to due process and equal protections of the law.

Pursuant to 42 USC § 2000a-3, Petitioner Nova-Leer Graber is amending the filing of: PETITION FOR VIOLATIONS OF RIGHTS AND LIBERTIES UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AMENDMENTS ACT OF 2009 (ADAAA) AND ROTECTIONS VIA INJUNCTIVE RELIEF and requests of this court to provide Petitioner Nova-Lee Graber and Disabled Howard A. Graber with legal representation as Petitioner Nova-Lee Graber lacks the intention of proceeding as Pro Se.

Petitioner Nova-Lee Graber further amends the petition to clarify as per Judge Scofield's Order which grants to Petitioner Nova-Lee Graber  the right to proceed in forma pauperis and clarifies the purpose of requesting the Restraining order is that as evidenced by Notice Of Trial in Gwinnett County Superior Court that the Defendants cease and desist all future orders of appearance – calendar calls, hearing and/or trials- until Petitioner Nova-Lee Graber, whom is only temporarily acting as ADA Advocate of Disabled Howard A. Graber until such a time as this court deems fit to provide Petitioner Nova-Lee Graber with competent legal representation, settles the matter of controversy as to whether Disabled Howard A. Graber meets the qualifications of being disabled and therefore is protected by the ADA & ADAAA.  FURTHERMORE, Petitioner believes as is evident in Appendix 'J' that Respondents/Defendants would act on their threat of indicting Petitioner Nova-Lee Graber and arresting her during the upcoming "NOTICE OF TRIAL" from Gwinnett County Superior Court addressed to Disabled Howard A. Graber, thereby causing harm and damage to Disabled Howard A. Graber, whom would then be without not only a caregiver but legal representation (ADA Advocate) as well as personal protections.

FURTHER that in light of the ruling in Boston Hous. Auth. V Bridgewaters, 452 Mass. 833, 845-848, 898 N.E. 2d 848 (2009) provides that, when an individual with a disability has notified an entity of his/her disability, this "amount[s] to a request for an accommodation", THEREFORE, this court is hereby 'put on notice'

of Disabled Howard A. Graber's request for accommodation as evidenced by civil action # 1:14-CV-1837 filed on June 12, 2014.

THEREFORE, since Respondents/Defendants County of Gwinnett is in violation of the ADAAA Title II 8.5000 designation of responsible employee and development of grievance procedure, therefore under Title II 9.1000(2) Individuals wishing to file title II complaints may file a lawsuit in Federal District Court, thereby, this court has now become competent in its jurisdiction in granting a grievance procedure to Petitioner Nova-Lee Graber as ADA Advocate representing Disabled Howard A. Graber.

Petitioner Nova-Lee Graber and Disabled Howard A. Graber therefore respectfully request that Judge Batten refer this PETITION FOR VIOLATIONS OF RIGHTS AND LIBERTIES UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AMENDMENTS ACT OF 2009 (ADAAA) AND PROTECTIONS VIA INJUNCTIVE RELIEF to another United States District Judge to ensure that no discriminations and or retaliations would be directed to Petitioner Nova-Lee Graber or Disabled Howard A. Graber, and that the Order/opinions from Judge Scofield be suppressed other than the granting of proceeding in forma pauperis.

## **VERIFICATION**

That I, Nova-Lee Graber in compliance with 28 USC § 1746, further declare under penalty of perjury that the preceding STATEMENTS OF FACTS AND AMENDMENT TO: PETITION FOR VIOLATIONS OF RIGHTS AND LIBERTIES UNDER THE AMERICANS WITH DISABILITIES ACT AND THE AMENDMENTS ACT OF 2009 (ADAAA) AND PROTECTIONS VIA INJUNCTIVE RELIEF AND CLARIFICATIONS OF RELIEF SOUGHT is true and correct.

Respectfully submitted and executed on this 16th day of June, 2014

Mrs. Nova-Lee Graber
9925 Haynes Bridge Road #200-133
Alpharetta, GA 30022
404-933-3683

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOVA-LEE GRABER               :

    Plaintiff,            :         CIVIL ACTION

v.                     :         NO. 1:14-CV-1837-TCB

COUNTY OF GWINNETT and    :
STATE OF GEORGIA        :

    Defendants.          :

## O R D E R

Plaintiff, proceeding pro se, seeks to file this civil action without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). Upon consideration of her affidavit of indigency, Plaintiff's request to proceed in forma pauperis, [Doc. 1], is hereby **GRANTED** for the purposes of ruling on her request for an "immediate restraining order" and for a frivolity determination by the District Judge. Service of process, however, **SHALL NOT ISSUE** at this time.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss a pro se in forma pauperis complaint if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim for which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490

U.S. 319, 325 (1989); see also Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).

In this case, although the complaint is not a model of clarity, Plaintiff appears to allege that, in connection with civil and criminal proceedings in state court, both Gwinnett County and the State of Georgia discriminated against her on the basis of her association and relationship with a person with a disability (Howard A. Graber), and retaliated against her for Mr. Graber's requests for reasonable accommodations on account of his disability, thereby violating her rights under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008); and the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. See [Doc. 1-1]. In the complaint, Plaintiff requests a "permanent injunction[] or restraining order" and an "immediate restraining order" under 42 U.S.C. § 2000a-3, but she does not say what she seeks an injunction or restraining order for. [Id. at 10].[1]

---

[1] Plaintiff and Mr. Graber are not strangers to this Court. Between the two of them, they have initiated at least four actions in this Court, all of which have been dismissed. See Graber v. Conway, No. 1:12-cv-02649-TCB (N.D. Ga. Sept. 20, 2012) (dismissed on frivolity review for failure to state any claim for relief); Graber v. M&T Bank Corp., No. 1:10-cv-02617-TCB (N.D. Ga. Dec. 20, 2010) (dismissed on grounds of res judicata); Graber v. M&T Bank Corp., No. 1:09-mi-00556-TCB (N.D. Ga. Apr. 30, 2010) (dismissing plaintiff's "commercial affidavit of truth," to the extent it was intended to serve as a complaint, as frivolous); Graber v. M&T Bank

2

Accordingly, as this matter is not properly referable to the undersigned for further pretrial handling beyond the determination of in forma pauperis status, the Clerk is **DIRECTED** to submit this matter to the District Judge for a ruling on Plaintiff's request for an "immediate restraining order" and a frivolity determination under 28 U.S.C. § 1915(e)(2).

   **SO ORDERED,** this 13th day of June, 2014.


                              s/ E. Clayton Scofield III
                              E. CLAYTON SCOFIELD III
                              UNITED STATES MAGISTRATE JUDGE

_____

Corp., No. 1:10-cv-00290-TCB (N.D. Ga. Apr. 22, 2010) ("Plaintiff's complaint is based on nothing more than frivolous theories and conclusory allegations.").

3



DANIEL J. PORTER
DISTRICT ATTORNEY
GWINNETT JUSTICE & ADMINISTRATION CENTER
75 LANGLEY DR.
LAWRENCEVILLE, GA 30046

# 1:14-CV-1837

Howard Alan Graber
9925 Haynes Bridge Road
# 200 - 133
ALPHARETTA, GA 30022

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TO: HOWARD ALAN GRABER                    INDICTMENT NO.:    12-B-2287-10

NOTICE OF TRIAL

You are hereby advised that your case will be called for trial **Wednesday, June 18, 2014, 9:00 AM** at the Gwinnett Justice &
Administration Center Courtroom **3E** before the Honorable **Warren Davis** and you are required to be personally present. If you fail to
appear, the court will forfeit your bond and you will be subject to being re-arrested.

This 4th day of June, 2014.                    DISTRICT ATTORNEY AND CLERK OF SUPERIOR COURT
                                               GWINNETT JUSTICE & ADMINISTRATION CENTER
                                               75 LANGLEY DR.
                                               LAWRENCEVILLE, GA 30046
                                               PHONE: (770) 822-8400

TRIAL NOTICE ~ DEFENDANT

Calendar Call will be at **Wednesday, June 18, 2014, 9:00 AM**. All Attorneys and Defendants must appear at this time. Any case not
disposed by guilty plea on that date will be subject to being called for jury trial on date(s) and time(s) listed below, and all Attorneys and
Defendants must appear at that time.

| Event | Date/Time | Judge | Court Room |
| --- | --- | --- | --- |
| **Trial Week** | 6/30/2014 9:00 AM | Warren Davis | 1B |
| **Trial Week 2** | 7/7/2014 9:00 AM | Warren Davis | 3E |

**THIS NOTICE IS IN ADDITION TO AND DOES NOT SUPERSEDE PRIOR NOTIFICATION TO APPEAR FOR TRIAL.**

*IF THIS CASE HAS BEEN DISPOSED PRIOR TO YOUR RECEIPT OF THIS NOTICE, PLEASE DISREGARD.*

*Now Available! Check the status of your case from your personal computer or smart phone at*
***www.gwinnettdistrictattorney.com** by selecting "Search Case Information" off of the menu tree.*